Jon T. LaLiberte has appealed from a judgment of the Medina County Court of Common Pleas that denied his motion to modify his child support obligation to his former wife, Julie Lynn Miller. He has argued that the trial court incorrectly calculated his basic child support obligation under R.C. 3113.215
because it was required to "give him credit" for the period of time that his children spend with him pursuant to a shared parenting plan that had been adopted by the trial court, but failed to do so. This court affirms the judgment of the trial court because it was not required to "give [Mr. LaLiberte] credit" for the time his children spend with him in its calculation of his basic child support obligation and did not abuse its discretion in not doing so.
 I
Mr. LaLiberte and Ms. Miller's marriage was dissolved on August 7, 1990. Pursuant to a separation agreement between them, Miller was awarded custody of their three minor children, and LaLiberte became obligated to pay child support on their behalf.
On February 9, 1993, LaLiberte moved the trial court to adopt a shared parenting plan. The parties eventually agreed to such a plan and, on June 29, 1993, the trial court adopted the agreed-upon plan. It included a provision setting forth LaLiberte's child support obligation:
"Therefore, the parties agree that the child support obligation and levels shall be as follows:
"a. Father shall pay to the mother, as and for the support of the minor children, the sum of $850.00 per month, from June 1993 to May 31, 1994;
"b. The sum of $900.00 per month from June 1, 1994 to May 31, 1995;
"c. The sum of $950.00 per month from June 1, 1995 until further order of the Court.
"If any party seeks a modification of the support amounts under this Plan, all considerations under this Plan, including but not limited to income amounts, [are] void. Nothing in this Plan shall be construed as conclusive in future actions regarding income being modified."
On March 15, 1994, LaLiberte moved for modification of his child support obligation. His motion was referred to a referee, who took evidence and, on May 11, 1994, filed a report and recommendation. She recommended that LaLiberte's motion for a modification of his child support obligation be denied because there *Page 209 
was less than a ten percent difference between the agreed-upon amount and the amount she calculated using a Child Support Worksheet in accordance with R.C. 3113.215.
LaLiberte objected to the recommendation of the referee. On July 27, 1994, the trial court overruled his objections and adopted the referee's recommendation. He timely appealed to this court.
 II
LaLiberte's sole assignment of error is that the trial court incorrectly calculated his basic child support obligation under R.C. 3113.215 because it did not "give him credit" for the period of time that his children spend with him pursuant to the shared parenting plan that had been adopted by the trial court. R.C. 3113.215 includes a mandatory schedule for calculation of a parent's basic child support obligation, factors and criteria that a court may consider in determining that the basic child support obligation calculated in accordance with the schedule "would be unjust or inappropriate and would not be in the best interest of the child," and procedures for modification of existing child support orders.
As this court recently noted in Smith v. Collins (Apr. 5, 1995), Summit App. No. 16802, unreported, at 2, 1995 WL 149215, pursuant to R.C. 3113.215, if a party to a child support order moves for a modification, the trial court must recalculate the basic child support amount using the current support schedule and the parties' updated financial information. This recalculated amount is then compared to the amount provided for in the existing child support order. If there is more than a ten percent difference between the recalculated amount and the amount in the existing order, the difference "shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the [existing] child support order."
In this case, as part of her consideration of LaLiberte's motion to modify his child support obligation, the referee utilized the then-current support schedule and his updated financial information. She concluded that there was not a ten percent difference between the amount provided for in the shared parenting plan and the recalculated amount:
"In this case, the previous child support order was $850 per month from June, 1993 to May 31, 1994. After that, it was to rise to $900 per month for one year and then $950 per month thereafter. Based on the Referee's recalculation of Child Support Worksheet B, attached hereto and incorporated herein, using the respondent's own estimate of income for 1994 as $38,000 and using his stated income for the first three months of the year as evidence that the $38,000 figure is probably accurate, the total child support for all three children for one month *Page 210 
would be $911.33 per month, which is less than the ten percent required for a finding of a change of circumstance. Finding no significant change of circumstance, the Referee recommends that the request for modification of support be denied."
Pursuant to the shared parenting agreement, the parties' children spend sixty-four percent of their time with Miller and thirty-six percent of their time with LaLiberte. LaLiberte has argued that the referee was required to reduce the amount she calculated as his basic child support obligation by thirty-six percent to $583.25 because, according to him, he fulfills thirty-six percent of his child support obligation by spending money on his children during the time they are with him.[1]
R.C. 3113.215(C) provides that "[e]xcept when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order."[2]
According to LaLiberte, "[i]n this case, each of the parties are, for a period of time, the residential parent and legal custodian * * *." He has pointed out that R.C. 3109.04(K)(6) and (7), as those subparts existed at the time of the trial court's judgment, provided that, unless the context required otherwise, when a court had provided for shared parenting, the parent with whom a child was residing at a particular time was the "residential parent" during that time and a parent with whom a child was not residing at a particular time was "not the residential parent" during that time[3]:
"(6) Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, the parent with whom the child is to reside at a particular point in time, as specified in the order, is the *Page 211 
`residential parent,' the `residential parent and legal custodian,' or the `custodial parent' of the child at that point in time.
"(7) Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, the parent with whom the child is not to reside at a particular point in time, as specified in the order, is the `parent who is not the residential parent,' the `parent who is not the residential parent and legal custodian,' or the `noncustodial parent' of the child at that point in time."
R.C. 3109.04(A)(2), at the time of the trial court's judgment, specifically provided that child support obligations under a shared parenting plan were to be determined "in accordance with section [3113.215] of the Revised Code."[4]
R.C. 3113.215(B)(6) deals with calculation of child support under shared parenting orders. R.C. 3113.215(B)(6)(a) provides that such child support shall be calculated "in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24 * * *." It further provides, however, for an exception:
"[I]f the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, through line 24, shall consider those extraordinary circumstances and other factors or criteria if it deviates from that amount, and shall enter in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet, through line 24, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
R.C. 3113.215(B)(6)(b) provides that "[t]he amount of time that the children spend with each parent" is among the "extraordinary circumstances of the parents" that a court may consider in determining whether to order child support in an amount different from the amount calculated in accordance with the schedule and worksheet.
Inasmuch as R.C. 3113.215(B)(6) specifically provides how the amount of time a child spends with a parent is to enter into the calculation of child support awardable under a shared parenting order, LaLiberte's argument that his basic *Page 212 
child support obligation was incorrect because it was not reduced by the percentage of time his children spend with him must be rejected. The language of R.C. 3113.215(B)(6) makes it clear that, even under the former version of R.C. 3109.04(K), the parent with whom a child was residing at a particular time pursuant to a shared parenting agreement was not considered the "residential parent" for purposes of R.C. 3113.215(C).[5]
Pursuant to R.C. 3113.215(B)(6), a trial court may, in its discretion, determine that an amount different from the basic child support obligation calculated pursuant to the schedule and worksheet is in the best interest of the children and is, therefore, appropriate. In this case, the referee considered the amount of time the children spend with LaLiberte pursuant to the shared parenting agreement, but concluded that a variation from the amount calculated was not appropriate:
"The Referee finds that a deviation from the schedule based on the amount of time the children spend with each parent would not be in the best interest of the children in this case. The mother needs child support in the statutory amount in order to maintain the children in the manner which they would have enjoyed had the marriage continued."
This court cannot say that the trial court abused its discretion by adopting this part of the referee's report and recommendation. LaLiberte's assignment of error is overruled.
 III
LaLiberte's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
QUILLIN, P.J., and REECE, J., concur.
[1] Miller had no income and the trial court did not impute any income to her. Accordingly, it concluded that her child support obligation was zero.
[2] "`Split parental rights and responsibilities' means a situation in which there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." R.C. 3113.215.
[3] R.C. 3109.04(K) was amended effective November 9, 1994. It now provides that, "[u]nless the context clearly requires otherwise and except as otherwise provided in the order," each parent is the "residential parent" under a shared parenting order "regardless of where the child is physically located or with whom the child is residing at a particular point in time * * *." R.C.3109.04(K)(6).
[4] This aspect of R.C. 3109.04 remains unchanged.
[5] As noted previously, under the current version of R.C.3109.04(K)(6), "[u]nless the context clearly requires otherwise and except as otherwise provided in the order," each parent is considered the residential parent and legal custodian regardless of where the child is residing. If both parents were entitled to a setoff for the time they are the residential parent and legal custodian, therefore, neither would ever have a child support obligation. *Page 213